# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 27, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| STACEY JAMES-CORNELIUS, | * | No. 17-1616V |
| *on behalf of her minor child,* E.J., | * | |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Reasonable Basis; Remand |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Julia M. Collison*, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON REMAND FOR ATTORNEYS' FEES AND COSTS[1]

      On October 27, 2017, Stacey James-Cornelius ("Petitioner") filed a petition on behalf of her minor child, E.J., seeking compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa–10 to 34 (2012)[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleged that E.J. suffered autonomic nervous system dysfunction as a result of the three human papillomavirus ("HPV") vaccinations he received on October 30, 2014, December 23, 2014, and May 27, 2015. *Id.* at 1, 7; *see also* Pet'r's Mot. for Dec. Dismissing Pet. at 1, ECF No. 12. After submitting medical records, Petitioner filed a motion to dismiss her case, and I issued a decision granting Petitioner's motion. ECF No. 12; *James-Cornelius v. Sec'y of Health & Hum. Servs.*, No. 17-1616V, 2018 WL 1559808 (Fed. Cl. Spec. Mstr. Feb. 9, 2018).[3]

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be withheld from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99–660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] ECF No. 13.

Although Petitioner did not receive compensation, she requested an award of attorneys' fees and costs as permitted by the Vaccine Act. § 15(e). Respondent contested the appropriateness of any fees award and stated that "[P]etitioner produced no objective evidence to support her allegations[.]" Resp't's Resp. at 10–11, ECF No. 19. In her reply, Petitioner argued that despite a lack of medical records supporting E.J.'s symptom onset, "sworn testimony from witnesses can serve as objective support for reasonable basis[]" in this case. Pet'r's Reply at 2, ECF No. 20. I denied Petitioner's motion for attorneys' fees, and Petitioner filed a motion for review. *James-Cornelius v. Sec'y of Health & Hum. Servs.*, No. 17-1616V, 2019 WL 1039911, at *2 (Fed. Cl. Spec. Mstr. Feb. 4, 2019);[4] Pet'r's Mot. for Review, ECF No. 24. Petitioner's review motion was also denied, and Petitioner appealed to the Federal Circuit. Mem. Op. & Order at 1, ECF No. 31; Notice of Appeal, ECF No. 35. The Federal Circuit found error in the reasonable basis analysis and vacated and remanded the decision for a determination of "whether attorneys' fees should be granted" after consideration of all relevant objective evidence. *James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1381 (Fed. Cir. 2021).[5]

For the reasons stated below, the undersigned finds that Petitioner's motion for attorneys' fees and costs is hereby **GRANTED**.

## I. Reasonable Basis in Light of the Federal Circuit's Findings

Before addressing the evidence in this case, the Federal Circuit stated that it "agree[s] with [Petitioner]" that its recent decision *Cottingham* "requires remand here[.]" *Id.* at 1379. The Federal Circuit noted that the *Cottingham* decision "reiterated . . . that a reasonable basis analysis is limited to objective evidence[]" and "explained that the quantum of objective evidence needed to establish reasonable basis for a claim, including causation, is 'lower than the preponderant evidence standard required to prove entitlement to compensation,' but 'more than a mere scintilla.'" *Id.* (quoting *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020)).

On appeal in the present case, the Federal Circuit "conclude[d] that the Special Master failed to consider relevant objective evidence in conducting her reasonable basis analysis." *James-Cornelius*, 984 F.3d at 1376. In making its determination, the Federal Circuit focused on whether the record contained evidence that supported Petitioner's reasonable basis claim.

The Law of the Case doctrine "is a judicially created doctrine, the purpose of which is to prevent relitigation of issues that have been decided." *Suel v. Sec'y of Health & Hum. Servs.*, 192 F.3d 981, 984 (Fed. Cir. 1999). It "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *ArcelorMittal France v. AK Steel Corp.*, 786 F.3d 885, 888 (Fed. Cir. 2015) (quoting *Banks v. U.S.*, 741 F.3d 1268, 1276 (Fed. Cir. 2014) and *Christianson v. Colt Indus. Operating Corp.* 486 U.S. 800, 815–816 (1988)). "The mandate rule, encompassed by the broader [Law of the Case doctrine] dictates that 'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" *Id.* (quoting *Banks*, 741 F.3d at 1276 and *Briggs v. Pa. R. Co.*, 334 U.S. 304, 306 (1948)). Under the Law of the Case doctrine, "a court may only deviate from a decision in a prior appeal if

---

[4] ECF No. 22.
[5] ECF No. 38.

'extraordinary circumstances' exist." *Id.* (internal citation omitted). The Federal Circuit has made a determination of law regarding what is sufficient to constitute "objective" evidence in the context of a reasonable basis analysis. Indeed, it found that multiple pieces of evidence in the record in this case, especially when taken together, constitute objective evidence. Pursuant to the Law of the Case doctrine, I will rely on the Federal Circuit's findings that the "medical records here provide factual support for [Petitioner's] reasonable basis claim[]" and that "[w]hen taken together with the corroborating medical records included in the petition and the Gardasil package insert, the factual testimony provided by [Petitioner] amount[s] to relevant objective evidence for supporting causation[.]" *Id.* at 1379–81. The Federal Circuit's findings imply that Petitioner has presented multiple pieces of objective evidence and that those pieces of evidence amount to the "more than a mere scintilla" of evidence sufficient to establish reasonable basis.

In its analysis, the Federal Circuit focused on "three main arguments raised by [Petitioner]." *Id.* at 1378. Petitioner contended: (1) "an express medical opinion was not required for her to satisfy the reasonable basis standard for attorney's fees[;]" (2) affidavits "provide objective evidence and should not be deemed entirely subjective in nature[;]" and (3) counsel conduct should not be considered in a reasonable basis analysis. *Id.*; *see also id.* at 1381. While reiterating "the Vaccine Act's remedial objective of maintaining petitioner's access to willing and qualified legal assistance[,]" the Federal Circuit also acknowledged the discretionary nature of the decision to grant or deny fees and remanded for me to articulate the basis for my decision to grant or deny Petitioner's motion. *Id.* at 1381.

### A. Medical Evidence

The Federal Circuit has reiterated the established rule that the "absence of an express medical opinion on causation is not necessarily dispositive of whether a claim has a reasonable basis[.]" *Id.* at 1379. Furthermore, in a similar case where reasonable basis was recently in dispute, the Federal Circuit explained that "[m]edical records can support causation even where the records provide only circumstantial evidence of causation." *Cottingham*, 971 F.3d at 1346. In the present case, there was some debate between Petitioner and Respondent whether E.J.'s headache and syncope are symptoms of an injury caused by the HPV vaccines or unrelated to the vaccines, in part because they occurred outside of the timeframes identified in the Gardasil package insert. *See* Resp't's Resp. to Pet'r's Renewed Mot. Attys' Fees & Costs at 11, ECF No. 42. Pursuant to the Law of the Case doctrine, I am relying on the Federal Circuit's finding that the medical records filed by Petitioner are evidence that "E.J. experienced a series of symptoms after receiving Gardasil vaccinations[]" that are listed "in the vaccine's package insert." *James-Cornelius*, 984 F.3d at 1380. There was also some debate between the parties as to whether a notation in the medical record that a treating physician considered submitting a VAERS report in light of a patient's medical history, but ultimately did not, is evidence that said treater sees a vaccine-caused injury. *See* Resp't's Resp. to Pet'r's Renewed Mot. Attys' Fees & Costs at 13–14. The Federal Circuit found that the notation of E.J.'s doctor of "??VAERS" was evidence that one of E.J.'s treating physicians believed that vaccines could have caused his symptoms, *James-Cornelius*, 984 F.3d at 1380, and pursuant to the Law of the Case doctrine, I will rely on that finding.

### B. Affidavits and Other Evidence

The Federal Circuit also discussed the value of affidavits and petitioners' statements in making a reasonable basis determination. *See id.* at 1380–81. It is well understood that petitioners

3

are "not competent" to testify on subjects related to causation or medical diagnosis. Indeed, the Federal Circuit has cautioned that "lay opinions as to causation or medical diagnosis may be properly categorized as mere 'subjective belief' when the witness is not competent to testify on those subjects." *Id.* at 1380. *Cottingham* and the decision remanding the present claim make it clear, however, that the receipt of a vaccine and the timing and severity of symptoms are facts that may be best received from the person with that experience. The Federal Circuit explained that "the patient's or a parent's testimony may be the best, or only, direct evidence of" medical symptoms or events. *Id.* The Federal Circuit "reject[ed] the Special Master's broad pronouncement that petitioners' affidavits are categorically 'not objective' for purposes of evaluating reasonable basis[]" and held that a petitioner's "medical records may [ ] serve as important corroborating evidence for evaluating testimony's credibility[.]" *Id.*

The petition itself was also discussed by the Federal Circuit. The Federal Circuit found a dysautonomia diagnosis, possible Postural Orthostatic Tachycardia Syndrome ("POTS") diagnosis, as well as a "suggest[ion of] the occurrence of a challenge-rechallenge event[]" as bases for causation. *Id.* at 1379–80. These assertions from Petitioner, particularly when presented in the form of an unsworn petition, could be evaluated as statements related to medical diagnosis and causation. However, the Federal Circuit held that "[w]hen taken together with the corroborating medical records [and other filings, the petition and affidavits] amount to relevant objective evidence for supporting causation" in the context of reasonable basis. *Id.* at 1381.

Finally, the Federal Circuit considered summaries of "three medical journal articles allegedly hypothesizing that these diseases [alleged by Petitioner] can be caused by the Gardasil vaccine." *Id.* at 1380. These summaries were presented by Petitioner without expert analysis and the articles themselves were not filed with the claim or appeal. Nevertheless, the Federal Circuit also considered this evidence as objective support of Petitioner's claim in the context of reasonable basis. *See id.* Applying the Law of the Case doctrine, I will adopt this finding here. The value of these summaries was discussed in the context of, and are therefore limited to, a reasonable basis determination.

The Federal Circuit held that there is objective evidence in this case to support causation for the purpose of finding reasonable basis. The weight of unsworn petitions, the value of medical literature summarized by petitioners but not filed, and the scope of petitioners' objective testimony remains unclear in the context of making a reasonable basis determination. However, the factual analysis done by the Federal Circuit with respect to the specifics of this case, which also amounts to a broader explanation of what constitutes "objective" evidence, is dispositive.[6] Pursuant to the

---

[6] Following the Federal Circuit's decision, Petitioner filed a renewed motion for attorneys' fees and costs. ECF No. 40. Petitioner stated, "[t]here is more than sufficient evidence in this record to support reasonable basis – as the Federal Circuit succinctly stated." *Id.* at 8. In his response to Petitioner's renewed motion, Respondent argued that "[t]he evidence identified by the Federal Circuit and relied upon by [P]etitioner in her renewed motion . . . is unpersuasive, and to the extent it is relevant[,] at best it demonstrates only that E.J.'s symptoms started at some point after his [ ] vaccinations, which is not sufficient to support a reasonable basis . . . ." ECF No. 42 at 10. Respondent, however, erred in focusing his analysis on whether Petitioner provided "persuasive" evidence in support of her claim. *See id.* at 10–22. Pursuant to the Law of the Case doctrine, I find the Federal Circuit's determinations regarding the various pieces of evidence in the record dispositive.

4

Law of the Case doctrine, the undersigned respectfully adopts the Federal Circuit's analysis and awards Petitioner reasonable attorneys' fees and costs accordingly.

### C. Counsel's Conduct

Any consideration of counsel's conduct as it relates to reasonable basis has been unequivocally characterized as inappropriate whether in the context of counsel's incomplete pre-filing review of a petitioner's claim, premature filing to avoid the statute of limitations, or expressed concern of the incompleteness of the record contained in billing records. *See id.* at 1381. There is no need for additional analysis on this point as it is not for consideration.

## II. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar serves by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[7]

---

[7] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Andrew Downing, $375.00 per hour for work performed in 2017 and $385.00 for work performed between 2018 and 2021; for Ms. Courtney Van Cott, $195.00 per hour for work performed in 2017, $205.00 per hour for work performed from 2018 to 2019, and $275.00 per hour for work performed between 2020 and 2021; for Mr. Robert Cain, paralegal,[8] $135.00 per hour for all work performed (2017–2018); for Ms. Danielle Avery, paralegal, $135.00 per hour for all work performed (2017–2020). *See* Pet'r's Ex. F at 17, 29, 42, ECF No. 40-6. These rates are consistent with what Mr. Downing and Ms. Van Cott, and their paralegals, have previously been awarded for their Vaccine Program work, and I therefore find them reasonable. *See, e.g.*, *Colbath v. Sec'y of Health & Hum. Servs.*, No. 17-599V, 2021 WL 1120986, at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2021); *Dreyer v. Sec'y of Health & Hum. Servs.*, No. 18-764V, 2019 WL 6138132, at *3 (Fed. Cl. Spec. Mstr. Oct. 29, 2019).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

Upon review of the submitted billing records, I find that the time billed by Mr. Downing and Ms. Van Cott is reasonable. The invoice entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. However, a reduction is necessary due to excessive paralegal time billed. Paralegals billed time on administrative tasks such as filing, Bates stamping, and mailing documents, as well as processing payments. *See* Pet'r's Ex. F at 3–11, 36–40. Paralegal time was also excessive for review of and for preparing and receiving correspondence.[9] These issues have previously been raised with the Van Cott & Talamante firm. *Colbath*, 2021 WL 1120986, at *2; *Sheridan v. Sec'y of Health & Hum. Servs.*, No. 17-669V, 2019 WL 948371, at *2–3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Moran v. Sec'y of Health & Hum. Servs.*, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Upon review, a reasonable reduction for these issues is $1,000.00. Petitioner is therefore awarded final attorneys' fees of $39,403.00.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,486.18 in attorneys' costs, comprised of acquiring medical records, postage, copy and fax charges, Westlaw legal research fees, and filing fees in the Court of Federal Claims and Court of Appeals for the Federal Circuit. *See* Pet'r's Ex. F at 15–17, 28, 41–42. Petitioner has provided

---

[8] The "itemized invoices" attached to Petitioner's renewed motion for attorneys' fees and costs does not identify Mr. Cain as a paralegal. *See* Pet'r's Ex. F at 17. However, based on the work Mr. Cain performed, the rate charged for his work, and previous fees decisions identifying him as a paralegal, it is clear that Mr. Cain was a paralegal. *See, e.g.*, *Otto v. Sec'y of Health & Hum. Servs.*, No. 16-1144V, 2020 WL 5031956, at *1 (Fed. Cl. Spec. Mstr. July 24, 2020).

[9] In addition, a small amount of paralegal time was billed for reviewing a minute entry for a status conference on March 22, 2017. Pet'r's Ex. F at 8. This is clearly incorrect, as Petitioner did not file her petition until October 27, 2017, and the docket indicates that no status conference was ever held in this case.

adequate documentation of all these expenses, and they appear reasonable for the work performed in this case. Petitioner is therefore awarded the full amount of costs sought.

### III.     Conclusion

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $40,403.00 |
| (Reduction to Fees) | - ($1,000.00) |
| **Total Attorneys' Fees Awarded** | **$39,403.00** |
| | |
| Attorneys' Costs Requested | $3,486.18 |
| (Reduction of Costs) | - ($0.00) |
| **Total Attorneys' Costs Awarded** | **$3,486.18** |
| | |
| **Total Attorneys' Fees and Costs** | **$42,889.18** |

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[10] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).